IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FIRST MERCURY INSURANCE COMPANY,** | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:12-cv-03393-O |
| **HORIZON ROOFING, INC.,** | | |
| Defendants. | | |

**MEMORANDUM OPINION & ORDER**

Before the Court are Defendant Horizon Roofing's ("Horizon") 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction (EFC No. 5), Plaintiff First Mercury Insurance Company's ("First Mercury") Response (ECF No. 7), and Horizon's Reply (ECF No. 8). Having reviewed the pleadings and the applicable law, the Court finds that Defendant's Motion to Dismiss should be and is hereby **GRANTED**.

**I.     BACKGROUND**

The action involves an insurance coverage dispute arising out of a lawsuit ("Underlying Lawsuit") filed in Texas state court against Horizon by a property owner alleging negligence and breach of contract. Compl. ¶ 5, ECF No. 1; *see id.* Ex. A (Pl.'s Original Pet., *Jaycare Inv., Inc. v. Horizon Roofing, Inc.*, Cause No. DC-12-05447), ECF No. 1. First Mercury agreed to defend Horizon in the Underlying Lawsuit subject to a full and complete reservation of its rights. Compl. ¶ 6, ECF No. 1.

1

On August 24, 2012, First Mercury brought a declaratory judgment action against Horizon. *See generally id.* Specifically, First Mercury seeks a declaration that it has no duty to indemnify Horizon in the Underlying Lawsuit. *See generally id.* In response, Horizon filed a Federal Rule of Civil Procedure 12(b)(1) Motion to Dismiss, arguing the declaratory judgment action is not ripe for resolution. *See generally* Def. Horizon's Mot. Dismiss, ECF No. 5.

## II.   LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 12(b)(1)

A 12(b)(1) motion to dismiss for lack of subject matter jurisdiction alleges that the court lacks the authority to hear the dispute. *See* Fed. R. Civ. P. 12(b)(1). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Federal courts are courts of limited jurisdiction and must have "statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 470 (5th Cir. 2008).

"Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Sample v. Morrison*, 406 F.3d 310, 311 (5th Cir. 2005) (quoting *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003)). "Because ripeness is a component of subject matter jurisdiction, a court does not have the power to decide claims that are not yet ripe." *Avalon Residential Care Homes, Inc. v. City of Dall.*, No. 3:11-cv-1239-D, 2011 WL 4359940, at *5 (N.D. Tex. Sept. 19, 2011) (citing *Sample*, 406 F.3d at 312). A declaratory judgment action is ripe for

2

adjudication only if an actual controversy exists. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). When determining ripeness, the two primary considerations are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Avalon Residential Care Homes, Inc.*, 2011 WL 4359940, at *5 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967), *overruled on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977)).

### B.   Duty to Indemnify

In this diversity case, Texas law governs all substantive issues. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Cleere Drilling Co. v. Dominion Exploration & Prod., Inc.*, 351 F.3d 642 (5th Cir. 2003). Under Texas law, "an insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all." *Colony Ins. Co. v. Peachtree Constr. Ltd.*, 647 F.3d 248, 253 (5th Cir. 2011) (citing *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex 1997)).

Texas recognizes an exception to this general rule. *See Griffin*, 955 S.W.2d at 84. "[T]he duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Id*. The *Griffin* exception is "fact specific" and should not be construed broadly. *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 744 (Tex. 2009). It applies if "under the facts pled by the plaintiff[] it would have been impossible for the insured defendant to show by extrinsic evidence that the loss fell under the terms of the policy." *Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co.*, 334 S.W.3d 217, 220 (Tex. 2011) (recognizing that the *Griffin* exception was established due to the impossibility

of using extrinsic evidence to transform an intentional tort of a drive-by-shooting into a car accident that could be covered under the insurance policy); *D.R. Horton*, 300 S.W.3d at 745 (same). Thus, the *Griffin* exception applies if (1) the insurer has no duty to defend, and (2) the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify. *See Griffin*, 955 S.W.2d at 84; *Burlington N. & Santa Fe Ry. Co.*, 334 S.W.3d at 219-220; *D.R. Horton*, 300 S.W.3d at 745.

## III.  ANALYSIS

In the instant action, Horizon argues that the declaratory judgment action is not ripe because the resolution of this matter is dependent on factual findings and factual development in the Underlying Lawsuit. *See generally* Def. Horizon's Mot. Dismiss, ECF No. 5; Def. Horizon's Reply, ECF No. 8. First Mercury argues that the matter is ripe because "the factual findings in the Underlying Lawsuit will not resolve many of the coverage issues, and as such should be decided by this Court." First Mercury's Resp. 3, ECF No. 7. The Court agrees with Horizon that this matter is not ripe for determination.

As noted above, First Mercury filed this declaratory action before the Texas state court's determination of Horizon's liability. *See* Compl. ¶¶ 5-6, ECF No. 1. To date, neither First Mercury nor Horizon has informed the Court that the Texas state court determined Horizon is liable in the Underlying Lawsuit. Generally, the instant case would not be ripe until the Texas state court's determination of liability. *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536-37 (5th Cir. 2004). Nevertheless, the Court may accept jurisdiction in "limited circumstances" under the *Griffin* exception. *Klein v. O'Neal, Inc.*, 2009 WL 3573849, at *4 (citing *Griffin*, 955 S.W.2d at 84); *see also Northfield Ins. Co.*, 363 F.3d at 536-37.

4

The Court finds this is not one of the "limited circumstances" where *Griffin* applies. Here, there has been neither briefing nor argument as to whether First Mercury has a duty to defend. Indeed, First Mercury has agreed to defend Horizon in the Underlying Lawsuit under a reservation of rights. Compl. ¶ 6, ECF No. 1. There has also been no briefing, argument, or finding in this case that the "same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *See Griffin*, 955 S.W.2d at 84. In light of the foregoing, the Court is unable to apply the *Griffin* test to this case. *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004) (providing that the duty-to-indemnify question is non-justiciable unless the "same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify"). Accordingly, the Court finds that the case is not ripe.

Additionally, the Court exercises its discretion not to make a declaration as to the duty to indemnify. "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *See Paschal v. Lykes Bros. S.S. Co.*, 264 F. Supp. 836, 839 (S.D. Tex. 1966) (quoting *Public Affairs Assocs. v. Rickover*, 369 U.S. 111, 112 (1962)). "[A] federal court, in exercising its discretion to grant or refuse relief, should avoid needless conflict with other courts, state or federal." *Employers' Liability Assur. Corp. v. Mitchell*, 211 F.2d 441, 443 (5th Cir. 1954); *see also Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P.*, 267 F. Supp. 2d 601, 606 (E.D. Tex. 2003). Here, under the Court's construction of the insurance policy, some facts determined here could overlap with those facts to be decided in the state court action. For instance, the "Roofing Operations Endorsement" provides a list of procedures that Horizon is required to follow. *See* Pl. Horizon's Resp. Mot. Dismiss, at 4-5, ECF No. 7. According to First Mercury, if Horizon fails to follow these

5

procedures, First Mercury need not indemnify Horizon. *See id.* at 2-5 ECF No. 7; *see generally* Compl., ECF No. 1. Whether Horizon exercised due care in following these procedures is an issue to be addressed by the jury in the Underlying Lawsuit. Indeed, the jury could conclude that these procedures were not followed, while this Court could find that the procedures were followed. Such a finding would conflict with the state court's determination. Furthermore, the Court finds that further factual development is required in the Underlying Lawsuit to determine liability. *See Orix Credit Alliance*, 212 F.3d at 895-96; *Mid Continent Cas. Co. v. Harvest Petroleum, Inc.*, No. 7:07-cv-121, 2009 WL 2575983, at *2 (N.D. Tex. Aug.20, 2009). Based on the foregoing, the Court exercises its discretion in declining jurisdiction.

IV.     **CONCLUSION**

For the foregoing reasons, the Court finds that Horizon's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 5) should be and is hereby **GRANTED**. Accordingly, this action is dismissed without prejudice.

**SO ORDERED** on this **9th day** of **April, 2013.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE